THE STATE OF NEVADA, APPELLANT, *v.* BILL
AARON McNICHOLS, RESPONDENT.

No. 20444

October 25, 1990                               799 P.2d 550

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, and *Thomas L. Leen,* Deputy District Attorney, Clark County, for Appellant.

*Kathy A. Teague,* Las Vegas, *Potter & Associates,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent Bill Aaron McNichols lost his house at 60 Logan

Street, Las Vegas, through foreclosure. Three and four day notices of unlawful detainer were served, as well as an order of summary eviction. The eviction was carried out sometime between the 15th and 20th of September, 1988.

Responding to reports that the former occupants had re-entered the premises with a weapon, police officers and an agent of the mortgagee went to 60 Logan Street on November 15, 1988. The lock and court seals had been removed, and someone had entered the residence via the back door.

The police officers entered the house and found a small amount of marijuana above a headboard in the northwest bedroom, and a methamphetamine laboratory spread throughout the house and garage. The police took samples of suspected contraband, and ultimately the state charged respondent with trafficking in a controlled substance.

On October 2, 1989, respondent filed a motion to suppress evidence in the district court. Respondent alleged that the warrantless entry into 60 Logan Street was unreasonable and, therefore, that the evidence derived from the entry should be suppressed. The state opposed respondent's motion, and the district court heard the matter on October 13, 1989. The district court granted the motion to suppress and subsequently granted defense counsel's motion to dismiss the case. The state appeals.

The state contends that the district court erred by granting respondent's motion to dismiss. Specifically, the state contends that at the time of the search, respondent no longer had a reasonable expectation of privacy in the 60 Logan Street residence. The state maintains that respondent's subsequent re-entry was a trespass and did nothing to restore a reasonable expectation of privacy. We agree.

Although respondent may have had a subjective expectation of privacy in the 60 Logan Street premises, this expectation was not one that society is prepared to recognize as reasonable. Respondent lost his legal interest in the property when it was foreclosed. Respondent lost his possessory interest in the property when he was evicted. The new owner changed the locks, and the constable's office placed court seals on the entryway. Respondent's trespassory re-entry did not create an objective expectation of privacy for respondent. *See* Rakas v. Illinois, 439 U.S. 128 (1978). *See also* Katz v. United States, 389 U.S. 347 (1967) (in order to implicate an interest protected by the fourth amendment, a claimant's expectation of privacy must be both subjectively and objectively reasonable). Because the police did not intrude into an area in which respondent had a reasonable expectation of privacy, their entry was not a search within the meaning of the

fourth amendment. Therefore, the district court erred when it measured the state's actions against the warrant and probable cause requirements of the fourth amendment.

Accordingly, we reverse the district court's order and remand for further proceedings consistent with this opinion.